**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4303**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

AL-LAIN DELONT NORMAN,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Robert G. Doumar, Senior District Judge.  (2:08-cr-00034-RGD-FBS-1)

Submitted:  April 7, 2010          Decided:  May 25, 2010

Before TRAXLER, Chief Judge, and SHEDD and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew A. Protogyrou, PROTOGYROU & RIGNEY, PLC, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Damian J. Hansen, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Al-lain Delont Norman of possession with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) (2006) and 18 U.S.C. § 2 (2006) ("Count Two"); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count Three"); and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1) (2006) and 18 U.S.C. § 2 ("Count Six").[1] The district court sentenced Norman to concurrent terms of life imprisonment on Count Two, 360 months on Count Three, and 240 months on Count Six. On appeal, Norman advances three contentions of error with respect to his convictions.[2] For the reasons discussed below, we reject these arguments and affirm the district court's judgment.


I. Denial of Norman's Motion to Suppress

Norman first argues that the search warrant the police obtained prior to his arrest was invalid, and thus that the narcotics seized upon execution of the warrant should have been

---

[1] The jury acquitted Norman of the three other counts charged in the six-count superseding indictment.

[2] Norman has filed several motions to file pro se supplemental briefs. As Norman is represented by counsel and this appeal has not been submitted pursuant to Anders v. California, 386 U.S. 738 (1967), we deny these motions.

suppressed.    We review the district court's factual findings underlying its resolution of a motion to suppress for clear error and legal determinations de novo.    United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

In reviewing the validity of a search warrant, the relevant inquiry is whether, under the totality of the circumstances, the issuing judge had a substantial basis for concluding there was probable cause to issue the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983); Grossman, 400 F.3d at 217.    When a warrant application is based on hearsay, the issuing court must assess "the veracity and basis of knowledge of persons supplying hearsay information" to determine "whether there is a fair probability that contraband or evidence of a crime will be found in a particular place."    United States v. Servance, 394 F.3d 222, 229 (4th Cir.) (internal quotation marks omitted), vacated on other grounds, 544 U.S. 1047 (2005).    "If such a showing has been made by affidavit, the issuance of a search warrant must be sustained on appeal."    Id.    This court affords "great deference" to a judicial probable cause determination.    United States v. Hodge, 354 F.3d 305, 309 (4th Cir. 2004).

We reject Norman's contention that the warrant affidavit was legally insufficient because it contained conclusory statements regarding the informant's reliability and

3

failed to demonstrate the veracity of the informant's assertions regarding Norman's criminal activity. Corroboration of salient facts provided by the informant, Lamont Malone, amply demonstrated Malone's veracity. See Alabama v. White, 496 U.S. 325, 331-32 (1990); United States v. Lalor, 996 F.2d 1578, 1581 (4th Cir. 1993) (holding that, pursuant to Gates, confirmation of "innocent details" provided by the informant, which included the defendant's "address, vehicle, and alias[,] gives credence to the allegations of criminal activity").

The affidavit also established Malone's reliability. In cooperating with the police, Malone provided information about his own criminal actions. The Supreme Court has instructed that this is highly relevant to the reliability inquiry: "[a]dmissions of crime, like admissions against proprietary interests, carry their own indicia of credibility — sufficient at least to support a finding of probable cause to search." United States v. Harris, 403 U.S. 573, 583 (1971). Further, Malone spoke with the police in person and was identified by name in the warrant affidavit. This court has explained that "the circumstances necessarily surrounding a face-to-face meeting alone provide certain indicia of credibility that are lacking when the warrant is based solely on a telephone call from an anonymous, never-to-be-identified informant." United States v. Perez, 393 F.3d 457, 464 (4th Cir.

4

2004).    Lastly,  the  affidavit  reflected  the  investigating officer's  professional  opinion  that  Malone's  information  was "accurate and reliable."

Finally,  the  warrant  affidavit  demonstrated  the  basis for the proffered information: Malone's first-hand observations of  Norman's  criminal  activity  the  night  before  his  arrest. Gates, 462 U.S. at 238; United States v. DeQuasie, 373 F.3d 509, 518 (4th Cir. 2004).   This type of first-hand, direct knowledge is  afforded  greater  credence  than  hearsay  information.    See, e.g.,  Perez,  393  F.3d  at  462  (affirming  issuance  of  search warrant  that  was  based,  in  part,  on  informant's  statement  that established his first-hand knowledge of relevant facts).

For  these  reasons,  we  affirm  the  district  court's denial of Norman's motion to suppress.[3]

II.  Admission of Norman's Prior Narcotics Conviction

Norman  next  argues  the  district  court  should  have excluded evidence of his 1998 felony conviction for possession with intent to distribute cocaine.  We review a district court's evidentiary rulings for an abuse of discretion.  United States v. Basham,  561  F.3d  302,  325  (4th  Cir.  2009).    An  abuse  of

---

[3] In  light  of  this  ruling,  we  decline  to  consider  Norman's alternative argument that the district court erred in concluding that the good-faith exception to the exclusionary rule applied.

discretion occurs when "the district court judge acted arbitrarily or irrationally in admitting evidence." Id. at 326 (internal quotation marks omitted).

Federal Rule of Evidence 404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts" solely to prove a defendant's bad character; however, this evidence may be admitted "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). For such evidence to be admissible under Rule 404(b), it "must be (1) relevant to an issue other than character; (2) necessary; and (3) reliable." Basham, 561 F.3d at 326. In addition, the evidence must be more probative than prejudicial. Id. (citing Fed. R. Evid. 403).

Here, the district court found the evidence of Norman's prior narcotics conviction was admissible because it demonstrated Norman's knowledge of narcotics distribution, motive, and intent to distribute cocaine. This ruling is wholly consistent with the law of this Circuit. See United States v. Rooks, 596 F.3d 204, 211 (4th Cir. 2010) (affirming admission of evidence of prior narcotics conviction to establish the defendant's knowledge of drug trafficking and intent to distribute). Accordingly, we conclude the district court did not abuse its discretion in admitting this evidence.

6

III. Sufficiency of the Evidence

Finally, Norman challenges the sufficiency of the Government's evidence that he constructively possessed the drugs found in his motel room. More particularly, Norman argues the Government did not demonstrate that he had actual knowledge of and dominion and control over the drugs.

In reviewing a challenge to the sufficiency of the Government's evidence, this court determines whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005); see Glasser v. United States, 315 U.S. 60, 80 (1942). We consider both direct and circumstantial evidence, and accord the Government all reasonable inferences that may be drawn from the proven facts to those sought to be established. United States v. Harvey, 532 F.3d 326, 333 (4th Cir. 2008). This court will uphold the jury's verdict if substantial evidence supports it, and will reverse only in those rare cases of clear failure by the prosecution. United States v. Foster, 507 F.3d 233, 244-45 (4th Cir. 2007).

We have thoroughly reviewed the record and conclude the Government's evidence was more than sufficient to establish Norman's possession of the narcotics. See United States v. Moye, 454 F.3d 390, 395 (4th Cir. 2006). In executing the

7

search warrant, the police seized 115.6 grams of crack cocaine and 105.3 grams of powder cocaine from the motel room that was rented in Norman's name — a fact that Norman conceded — and in which Norman was one of two occupants. Plainly, Norman had sufficient dominion and control over the premises to establish his constructive possession of the drugs hidden therein. United States v. Herder, 594 F.3d 352, 358 (4th Cir. 2010) ("A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed."). Moreover, there was ample evidence of Norman's actual possession of the seized drugs. Both Malone and Norman's companion in his motel room testified that the drugs belonged to Norman. Although Norman vigorously disputed their testimony, the jury was well within its province to credit it, and we will not disturb such a credibility determination on appeal. See Harvey, 532 F.3d at 333 ("Where there are conflicts in the testimony, it is for the jury and not the appellate court to weigh the evidence and judge the credibility of the witnesses.") (internal quotation marks omitted).

For these reasons, we affirm Norman's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

8

before the court and argument would not aid the decisional process.

AFFIRMED